IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERALD L. ROGERS,

        Petitioner,

v.

MARION FEATHER,

        Respondent.

3:12-cv-02044-BR

ORDER

BROWN, Judge.

    Petitioner, a former inmate at FCI Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Currently before the Court is Petitioner's Motion for Writ to Enjoin Transfer From Jurisdiction of Court (#12). For the reasons that follow, the Court DENIES Petitioner's Motion.

### BACKGROUND

    Petitioner bring this habeas corpus action challenging the calculation of his prison term. By way of his motion, Petitioner seeks injunctive relief prohibiting his transfer to another institution pending the outcome of this action. Petitioner

1 - ORDER -

objects to any such transfer because he contends this Court would no longer have jurisdiction over his habeas corpus action. Petitioner was subsequently transferred to FCI Terre Haute.

## LEGAL STANDARDS

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests. Under the "traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and 4) the advancement of the public interest favors granting injunctive relief. *Burlington N.R.R. v. Department of Revenue*, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Id.*; *Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991), *cert. denied*, 503 U.S. 985 (1992). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability
2 - ORDER -

of success decreases." *Prudential Real Estate Affiliates v. PPR Realty. Inc.*, 204 F.3d 867, 874 (9th Cir. 2000).

## DISCUSSION

As noted, Petitioner objects to his transfer from FCI Sheridan based on his belief that such a transfer would divest this Court of jurisdiction over Petitioner's § 2241 habeas corpus action. Petitioner is mistaken. Jurisdiction over a § 2241 habeas corpus action "attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) (citing *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)), *cert denied*, 547 U.S. 1149 (2006). Because this Court retains jurisdiction despite Petitioner's transfer to another facility, Petitioner has not established irreparable injury resulting therefrom, and his request for preliminary injunctive relief must be denied.

## CONCLUSION

For these reasons, the Court DENIES Petitioner's Motion for Writ of Enjoin Transfer From Jurisdiction of Court (#12).

IT IS SO ORDERED.

DATED this 9th day of January, 2013.

_____
ANNA J. BROWN
United States District Judge

3 - ORDER -