IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERALD L. ROGERS,

      Petitioner,

v.

MARION FEATHER, and UNITED
STATES PAROLE COMMISSION,
CRANSTON MITCHELL, COMMISSIONER,

      Respondent.

Civil No. 3:12-cv-02044-BR

OPINION AND ORDER

GERALD ROGERS
Fed. Reg. No. 12324-086
Federal Prison Camp
P.O. Box 33
Terre Haute, IN  47808

      Petitioner *Pro Se*

S. AMANDA MARSHALL
United States Attorney
KEVIN DANIELSON
NATALIE K. WIGHT
Assistant United States Attorneys
1000 SW Third Avenue
Suite 600
Portland, OR  97204

      Attorneys for Respondents

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at FPC Terre Haute, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.[1] For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus.

## BACKGROUND

On March 26, 1990, Petitioner was sentenced in the U.S. District Court for the Central District of California to ten years of imprisonment followed by five years of probation on convictions for mail fraud and aiding and abetting in the preparation of false tax returns.[2] On October 22, 1990, Petitioner was sentenced in the U.S. District Court for the District of Colorado to 25 years of imprisonment on convictions for mail fraud and securities fraud. The 25-year District of Colorado sentence was ordered to run consecutively to the ten-year District of California sentence.

On December 1, 2000, Petitioner was paroled to the supervision of the U.S. Parole Commission (the "Commission") until December 29, 2024. On October 31, 2003, Petitioner's parole was revoked. On December 24, 2003, Petitioner was again paroled to remain under the supervision of the Commission until December 29, 2024.

---

[1] At the time he filed his Petition for Writ of Habeas Corpus, Petitioner was incarcerated at FCI Sheridan. As such, this Court maintains jurisdiction over the action.

[2] On July 11, 1994, the District of California sentence was amended, but the term of imprisonment remained ten years.

2 - OPINION AND ORDER -

On February 25, 2005, the Commission issued a warrant and arrested Petitioner on charges of violating the special conditions of his parole regarding disclosure of financial records. On May 25, 2006, after the Commission became aware of additional allegations of fraudulent actions by Petitioner, the Commission re-opened his case and conducted a parole revocation hearing. On June 12, 2006, the Commission issued a notice of action in which it found Petitioner was involved in an investment scheme resulting in losses of $8.5 mil0lion to investors. The Commission revoked Petitioner's parole and ordered Petitioner imprisoned for 120 months. Petitioner appealed, and the National Appeals Board affirmed the decision of the Commissioner.

Upon Petitioner's re-incarceration, the Commission determined Petitioner's presumptive parole date to be February 24, 2015. In addition, the Federal Bureau of Prisons ("BOP") calculated Petitioner's mandatory release eligibility date (known as the "two-thirds" date) as May 16, 2018. Pursuant to 18 U.S.C. § 4206(d) and 28 C.F.R. § 2.53, the BOP calculates a parole-eligible inmate's two thirds date by multiplying the number of days remaining on the inmate's original sentence by two-thirds. At the time of Petitioner's second parole violation, the time remaining on his combined unexpired 35-year original sentences was 19 years, 10 months, and 5 days.

3 - OPINION AND ORDER -

On April 2, 2008, Petitioner received a statutory interim hearing. The Commission ordered no change to the previously determined February 24, 2015, presumptive parole date.

On March 24, 2010, another statutory interim hearing was held. By notice of action dated May 14, 2010, the Commission ordered no change to the February 24, 2015, presumptive parole date. Petitioner appealed, and the National Appeals Board affirmed the decision of the Commission.

On March 29, 2012, the most recent statutory interim hearing was held. On July 3, 2012, the Commission again ordered no change to Petitioner's February 24, 2015, presumptive parole date. Petitioner appealed, and on October 16, 2012, the National Appeals Board affirmed the Commission's decision.

On November 13, 2012, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this Court. Petitioner alleges two grounds for relief. First, he alleges the BOP and Commission incorrectly calculated his mandatory parole release date and that, in any event, he was the victim of a criminal cover-up when the Parole Commission refused to allow him to present exculpatory witnesses at the May 25, 2006, parole revocation hearing. In Ground Two Petitioner asks the Court to order him released on bail until this matter is adjudicated.

Because the Court finds Petitioner is not entitled to relief on his first claim, it is not necessary to address the matter of

4 - OPINION AND ORDER -

release on bail. Moreover, the Court notes Petitioner subsequently submitted several motions and letters in which Petitioner expressed his discontent with the legal process. *See* Doc. #33, #34, #35, #36, #37, and #38. To the extent these motions and letters seek any action other than disposition of Petitioner's habeas corpus petition, they are denied.

## DISCUSSION

### I. The Federal Parole System

Before the Sentencing Reform Act of 1984 ("SRA") took effect in 1987, a federal judge could set only the minimum parole release date. *Feist v. Schultz*, 2006 WL 657003, *2 (E.D. Cal., Mar. 13, 2006), *report and recommendation adopted by* 2006 WL 1222480 (E.D. Cal., May 3, 2006). Actual release dates were determined by statute or by the Parole Commission. *Id.* Under the SRA, parole was abolished and the Parole Commission was to be phased out over time. *Bledsoe v. United States*, 384 F.3d 1232, 1233 (10th Cir. 2004). However, the Parole Commission was kept in existence for five years after the effective date of the SRA, in order to process inmates whose convictions predated the SRA and who would still be incarcerated by that date. *Feist*, 2006 WL 657003, at *3.

The life of the Parole Commission has been extended multiple times since the effective date of the SRA, most recently in 2011. *Id.*; *Bowers v. Keller*, 651 F.3d 1277, 1281 (11th Cir. 2011); Pub.

5 - OPINION AND ORDER -

L. No. 112-44 (United States Parole Commission Extension Act of 2011). Statutes relating to the Parole Commission, 18 U.S.C. §§ 4201-4218, were repealed but remain in effect for prisoners, like Petitioner, who are under the authority of the Commission. *Id.*

## II. Calculation of Mandatory Parole Release Date

Petitioner maintains the Commission erred in calculating his mandatory release date at two-thirds of the time remaining on his sentence. According to Petitioner, he was entitled to mandatory release after he served two-thirds of the 120-month sentence the Commission imposed for his parole violation in 2005. As such, Petitioner contends he should have been released on October 22, 2011.

Under 28 U.S.C. § 4206(d), mandatory parole release dates apply to prisoners under the authority of the Commission as follows:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: *Provided, however*, That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

(Emphasis in original.)

6 - OPINION AND ORDER -

Similar language is found in 28 C.F.R. § 2.53(a), which was promulgated under the authority of the statutes relating to the Commission, and which provides:

> A prisoner . . . serving a term or terms of 5 years or longer shall be released on parole after completion of two-thirds of each consecutive term or terms or after completion of 30 years of each term or terms of more than 45 years (including life terms), whichever comes earlier, unless pursuant to a hearing under this section, the Commission determines that there is a reasonable probability that the prisoner will commit any Federal, State, or local crime or that the prisoner has frequently or seriously violated the rules of the institution in which he is confined. If parole is denied pursuant to this section, such prisoner shall serve until the expiration of his sentence less good time.

In support of his claim, Petitioner focuses on 28 C.F.R. § 2.53(d), which provides:

> A prisoner whose parole has been revoked and whose parole violator term is 5 years or more shall be eligible for mandatory parole under the provisions of this section upon completion of two-thirds of the violator term and shall be considered for mandatory parole under the same terms as any other eligible prisoner.

Petitioner does not cite, and the Court could not locate, any case construing the language of 28 C.F.R. § 2.53(d) in the context of the language contained in 28 C.F.R. § 2.53(a) or 18 U.S.C. § 4206(d). At least three courts, however, have rejected a claim similar to Petitioner's.

In *Goodman v. Meko*, 861 F.2d 1259 (11th Cir. 1988), the Eleventh Circuit Court of Appeals held a re-incarcerated parolee must serve two-thirds of the remainder of his original sentence at

7 - OPINION AND ORDER -

the time of his second re-incarceration. The court referenced two district court decisions which had addressed the question, and agreed with their construction of 18 U.S.C. § 4206(d). *Goodman*, 861 F.2d at 1260 (citing *Davidson v. United States*, 598 F.Supp. 926, 928-29 (N.D. Ind. 1984) and *Kloner v. Wilkinson*, 418 F.Supp. 608, 608-09 (D.Conn. 1976)).

In *Kloner*, the court examined the legislative history of 18 U.S.C. § 4206 and noted the following:

> The legislative history of the bill demonstrates that petitioner's claim is without merit. Senator Burdick introduced the conference committee report on the floor of the Senate. Referring to s 4206(d), he said:
>
>> The legislation also provides new parole criteria which come into effect when the prisoner has completed two-thirds of his sentence, which are designed to complement the present statutory provisions for good time and assure that prisoners with long sentences have at least some period of supervision in their community before total release from federal custody. For those prisoners whose parole has been revoked and who have been returned to prison, it is intended that the two-thirds be based upon time remaining to be served when they are reimprisoned.
>
> 122 Cong.Rec. No. 28 at S2573 (Mar. 2, 1976) (emphasis added). Representative Kastenmeier, who reported the bill to the House of Representatives, reiterated Burdick's remarks. 122 Cong.Rec. No. 29 at H1500 (Mar. 3, 1976). The views of Senator Burdick and Representative Kastenmeier for the Conference Committee on this section clearly comport with the purpose of the Act.

*Kloner*, 418 F.Supp. at 609.

8 - OPINION AND ORDER -

This Court agrees. While the interplay between the two subdivisions of 28 C.F.R. § 2.53 is not readily apparent, the law is well-settled that a regulation cannot be interpreted independently of the statute under which it was promulgated. *Hunsaker v. Contra Costa County*, 149 F.3d 1041, 1043 (9th Cir. 1998). When interpreted in light of the provisions of 18 U.S.C. § 4206(d) and the legislative history thereof, the regulations do not provide support for Petitioner's claim that he was entitled to mandatory parole release upon completion of two-thirds of his 120-month presumptive parole term. Accordingly, Petitioner is not entitled to habeas corpus relief.

### III. Res Judicata

To the extent Petitioner's Petition for Writ of Habeas Corpus may be construed as alleging his sentences were unlawful and the Commission has no authority to govern his sentence, Petitioner litigated this matter in *Rogers v. United States Parole Commission*, Case No. 6:10-cv-01179-TC. In *Rogers*, Magistrate Judge Thomas M. Coffin found the Commission had authority to govern Petitioner's sentence, a finding which was adopted by District Judge Michael H. Hogan. *Rogers v. U.S. Parole Com'n*, 2011 WL 4544633 (D.Or., Aug. 11, 2011), *findings and recommendation adopted by* 2011 WL 4547957 (D.Or., Sept. 29, 2011). Petitioner is precluded by claim preclusion principles from re-

9 - OPINION AND ORDER -

litigating the claim in this action. *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001).

Likewise, Petitioner previously litigated the claim that he was not allowed to present exculpatory witnesses at his May 25, 2006, parole hearing. In *Rogers v. United States Parole Commission*, 288 Fed.Appx. 132, 2008 WL 2740476 (5th Cir., July 15, 2008), the Fifth Circuit Court of Appeals affirmed a decision of the district court denying relief on the same claim.[3] Petitioner is precluded from re-litigating this issue as well.

### CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action with prejudice. To the extent any pending motions seek action other than disposition of the Petition for Writ of Habeas Corpus, they are DENIED.

IT IS SO ORDERED.

DATED this 26th day of June, 2013.

_____
ANNA J. BROWN
United States District Judge

---

[3] Petitioner also attempted to argue the denial of witness claim in the case before Judge Coffin referred to above. Judge Coffin found the claim barred by *res judicata* based upon the Fifth Circuit's decision, and Judge Hogan adopted that finding. *Rogers*, 2011 WL 4544633 at *1.

10 - OPINION AND ORDER -